NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| ROSCOE BENTON, III, | : | |
| | : | CIV. NO. 21-32 (RMB-AMD) |
| Plaintiff | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNITED STATES OF AMERICA, *et al.*, | : | |
| | : | |
| Defendants | : | |

BUMB, DISTRICT JUDGE

Plaintiff Roscoe Benton, III, a prisoner incarcerated in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), filed this Complaint on January 4, 2021. (Compl., Dkt. No. 1.) Plaintiff failed to pay the $402 filing and administrative fees or alternatively submit an application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915.

The Court will administratively terminate this action.[1] Plaintiff may reopen this action if he timely submits a properly

---

[1] U.S.D.C. District of New Jersey Local Civil Rule 54.3(a) provides:

> Except as otherwise directed by the Court, the Clerk shall not be required to enter any suit, file any paper, issue any process or render any other service for which a fee is prescribed by statute or by the Judicial Conference of the United States, nor shall the Marshal be required to serve the same or perform any service, unless the fee therefor

completed IFP application or pays $402.00 for the filing and administrative fees. Plaintiff should be aware that, even if granted IFP status, he must pay the $350.00 filing fee in installments, if available in his prison trust account, regardless of whether the complaint is dismissed, see U.S.C. § 1915(b)(1).

I.   *Sua Sponte* Dismissal

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and 42 U.S.C. § 1997e(c) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[2]

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v.

---

            is paid in advance. The Clerk shall receive
            any such papers in accordance with L.Civ.R.
            5.1(f).

[2] Conclusive screening is reserved until the filing fee is paid or IFP status is granted. See Izquierdo v. New Jersey, 532 F. App'x 71, 73 (3d Cir. 2013) (district court should address IFP application prior to conclusive screening of complaint under 28 U.S.C. § 1915(e)(2)).

2

Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the

3

amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

For the reasons discussed below, the Court would dismiss the complaint for lack of jurisdiction upon conclusive screening of the Complaint.

II.   DISCUSSION

Plaintiff alleges solely a common law negligence claim against the United States of America, Warden David Ortiz, Director of the Bureau of Prisons Michael Carvajal, and Attorney General William Barr because Plaintiff tested positive for COVID-19 in FCI-Fort Dix due to their alleged negligence in stopping the spread of the virus. (Compl., Dkt. No. 1.) Plaintiff disclaims that he wants to bring a Bivens action.

Federal courts are courts of limited jurisdiction. 28 U.S.C. § 1331. Plaintiff wishes to bring a common law negligence claim. "[T]he United States has not waived its sovereign immunity with respect to common law negligence claims, except to the extent provided in the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.*" N'Jai v. U.S. E.P.A., No. CIV.A. 13-1212, 2014 WL 2508289, at *23 (W.D. Pa. June 4, 2014). "[A]n action against the United States under the FTCA provides the exclusive remedy for nonconstitutional torts based on the "negligent or wrongful act or omission of any employee of the Government while acting within the

4

scope of his office or employment." Couden v. Duffy, 446 F.3d 483, 498 (3d Cir. 2006) (quoting 28 U.S.C. § 2679(b)(1); see also Castro v. United States, 34 F.3d 106, 110 (2d Cir. 1994) (finding that "a claimant's exclusive remedy for nonconstitutional torts by a government employee acting within the scope of his employment is a suit against the government under the FTCA")).

Plaintiff does not allege diversity jurisdiction, nor does it appear to exist; and the Court cannot exercise supplemental jurisdiction over state law claims when the Complaint does not contain a federal law claim. See 28 U.S.C. §§ 1332, 1367. Therefore, unless amended, the Court would dismiss the Complaint for lack of jurisdiction upon conclusive screening under 28 U.S.C. § 1915(e)(2)(B), § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1).

III. CONCLUSION

The Court will administratively terminate this action, subject to reopening. An appropriate Order follows.


DATE: January 7, 2021

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

5